

FILED by __ D.C.
ELECTRONIC

Jul 19, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# 12-20533-CR-ALTONAGA/SIMONTON

CASE NO. _____

18 U.S.C. § 241
18 U.S.C. § 242
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
~~18 U.S.C. § 1512(b)(3)~~
18 U.S.C. § 1512(b)(3)
18 U.S.C. § 1001(a)(2)

**UNITED STATES OF AMERICA**

**vs.**

**RAUL IGLESIAS,**

        **Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      The City of Miami Police Department (MPD) was a duly constituted police agency engaging in law enforcement in Miami, Florida. MPD officers were authorized by Florida law to make lawful arrests and conduct legally authorized searches and seizures within the jurisdiction of the City of Miami.

2.      The defendant, **RAUL IGLESIAS**, was an officer who held the rank of Sergeant in the MPD.

3.      MPD's Crime Suppression Unit (CSU) consisted of three teams of detectives responsible for enforcing the laws of the State of Florida prohibiting drug trafficking. One of the CSU's teams was supervised by defendant **RAUL IGLESIAS**.

4.      Defendant **RAUL IGLESIAS** was responsible for ensuring that the detectives whom he supervised followed the laws of the United States and the State of Florida.

## COUNT 1
### (Conspiracy Against Civil Rights)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about January 27, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

### RAUL IGLESIAS,

while acting under color of law, did knowingly and willfully combine, conspire, confederate, and agree with "R.M.," a law enforcement officer, to injure, oppress and intimidate "R.H." in the free exercise and enjoyment of the rights and privileges secured to him by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizure.

### Manner and Means of the Conspiracy

3.      It was a part of the conspiracy that the defendant would cause the arrest of "R.H.," then obtain a bag of cocaine to use as evidence against "R.H.," and falsely claim that the cocaine was found on and seized from the person of "R.H."

### Overt Acts

4.      In furtherance of the conspiracy and to achieve the object thereof, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, at least one of the following overt acts on or about January 27, 2010:

a.      **RAUL IGLESIAS** ordered Officers A and B to arrest "R.H." even though Officer B had searched "R.H." and found no contraband on the person of "R.H."

2

b.      **RAUL IGLESIAS** asked Officers B and C words to the effect of: do you have any throw-down dope?

c.      Co-conspirator "R.M." arrived at the scene of "R.H.'s" arrest and met with **RAUL IGLESIAS**.

d.      **RAUL IGLESIAS** obtained a bag of cocaine from co-conspirator "R.M."

e.      **RAUL IGLESIAS** handed the bag of cocaine to Detective C and told him that **RAUL IGLESIAS** had seized the cocaine from "R.H."

All in violation of Title 18, United States Code, Section 241.

## COUNT 2
### (Violation of Civil Rights)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about January 27, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

### RAUL IGLESIAS,

while acting under color of law, did knowingly and willfully deprive "R.H." of rights secured and protected by the Constitution and laws of the United States, specifically, the right to be free from unreasonable seizure, in that, the defendant ordered the arrest of "R.H." for cocaine possession knowing that "R.H." did not possess cocaine, in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT 3
### (Conspiracy to Possess with Intent to Distribute Controlled Substances)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged

3

and incorporated by reference into this Count as though fully set forth herein.

2.      From in or around January 2010, through on or about May 25, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

**RAUL IGLESIAS,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons  known to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

3.      Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, commonly referred to as "crack cocaine," a Schedule II controlled substance.

4.      Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 4
### (Violation of Civil Rights)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about April 8, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

**RAUL IGLESIAS,**

while acting under color of law, did knowingly and willfully deprive "C.R." of rights secured and

4

protected by the Constitution and laws of the United States, specifically, the right to be free from deprivation of property without due process of law, in that, the defendant stole money and property of "C.R." and converted it to defendant's own use, in violation of Title 18, United States Code, Section 242.

## COUNT 5
### (Possession with Intent to Distribute Controlled Substance)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about May 5, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

### RAUL IGLESIAS,

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3.      Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 6
### (Obstruction of Justice)

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

2.      On or about May 25, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

### RAUL IGLESIAS,

5

did knowingly engage in misleading conduct toward another person with intent to hinder, delay and

prevent the communication to a law enforcement officer of the United States of information relating

to the commission and possible commission of a Federal offense, in that the defendant made

misleading statements to an agent of the Federal Bureau of Investigation relating to the

investigation of theft of property and money of the United States and of a department and agency

thereof, in violation of Title 18, United States Code, Section 1512(b)(3).

### COUNT 7
**(False Statement)**

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged

and incorporated by reference into this Count as though fully set forth herein.

2.      On or about May 25, 2010, in Miami-Dade County, in the Southern District of

Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the

executive branch of the Government of the United States, the defendant,

**RAUL IGLESIAS,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as

to a material fact, in that he represented that he did not know how much money was inside a box

that he seized on May 5, 2010, when in truth and in fact, and as the defendant there and then well

knew, the defendant did know how much money was in the box that he seized on May 5, 2010, in

violation of Title 18, United States Code, Section 1001(a)(2).

### COUNT 8
**(False Statement)**

1.      The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged

and incorporated by reference into this Count as though fully set forth herein.

     2.     On or about May 25, 2010, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the Government of the United States, the defendant,

**RAUL IGLESIAS,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that he represented that he did not steal any drugs or money from arrest subjects, when in truth and in fact, and as the defendant there and then well knew, the defendant did steal drugs and money from arrest subjects, in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 9
### (False Statement)

     1.     The General Allegations set forth in paragraphs 1-4 of this Indictment are realleged and incorporated by reference into this Count as though fully set forth herein.

     2.     On or about May 25, 2010, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the Government of the United States, the defendant,

**RAUL IGLESIAS,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that he represented that he did not plant evidence on arrest subjects, when in

truth and in fact, and as the defendant there and then well knew, the defendant did plant evidence

on an arrest subject, in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES OF AMERICA

vs.

RAUL IGLESIAS,

             **Defendant.**

_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)       Yes _____   No _____
Number of New Defendants     _____
Total number of counts       _____

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| x  Miami | ____ Key West | | |
| ____ FTL | ____ WPB | ____ FTP | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No____
   List language and/or dialect   _____

4. This case will take   _5_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | | |
| II | 6 to 10 days | | Minor | | |
| III | 11 to 20 days | | Misdem. | | |
| IV | 21 to 60 days | | Felony | X | |
| V | 61 days and over | | | | |

6. Has this case been previously filed in this District Court? (Yes or No)   No____
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No____

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   No____ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

                                 _____

                                 RICARDO A. DEL TORO
                                 ASSISTANT UNITED STATES ATTORNEY
                                 Florida Bar No./Court No. 957585

*Penalty Sheet(s) attached                                         REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **RAUL IGLESIAS**

**Case No**: _____

Count #: 1

Conspiracy Against Civil Rights

Title 18, United States Code, Section 241

**\* Max.Penalty**:       10 years' imprisonment

Count #: 2

Violation of Civil Rights

Title 18, United States Code, Section 242

**\*Max. Penalty**:       1 year imprisonment

Count #: 3

Conspiracy to Possess with Intent to Distribute Controlled Substances

Title 21, United States Code, Section 846

**\*Max. Penalty**:       20 years' imprisonment

Count #: 4

Violation of Civil Rights

Title 18, United States Code, Section 241

**\*Max. Penalty**:       1 year imprisonment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RAUL IGLESIAS

**Case No:** _____

Count #: 5

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**    20 years' imprisonment

Count #: 6

Obstruction of Justice

Title 18, United States Code, Section 1512(b)(3)

**\*Max. Penalty:**    20 years' imprisonment

Counts #:7 -9

False Statement

Title 18, United States Code, Section 1001(a)(2)

**\*Max. Penalty:**    5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**