UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20533-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

RAUL IGLESIAS,
                **Defendant.**

_____/

**UNITED STATES UNOPPOSED MOTION FOR PROTECTIVE ORDER
REGULATING DISCLOSURE OF DISCOVERY INFORMATION**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above captioned matter. This sensitive information includes records containing personal information of witnesses which the Government intends to call in its case-in-chief at trial in the instant matter. It also includes recordings, transcripts and reports of interviews of witnesses, which could subject them to intimidation by third parties. The government seeks protections that will not impede the defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials. The Government has conferred with defense counsel, who has no objection to the relief sought herein.

In this case, the Government intends to call a number of law enforcement witnesses as wells

as civilian witnesses in its case-in-chief, who are expected to testify about the defendant's criminal conduct. The government intends to provide to the defense a number of FBI 302 reports of interviews that do not constitute Jencks materials, grand jury transcripts of witness testimony that do qualify as Jencks materials, and a number of other documents and evidence including consensual recordings made by cooperating witnesses. In good faith, the government is producing early Jencks materials and even undiscoverable material to the defense in order to assist it early in its preparation for trial. However, public dissemination of this information could result in intimidation or harassment of witnesses by individuals outside the defense team as a consequence of the sensitive nature of the witnesses' cooperation. In an attempt to protect the sensitive information in the discovery materials and to prevent intimidation of or tampering with the witnesses, the government proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

    1. Defense counsel shall hold the discovery materials in strict confidence, disclosing this information to the client, office staff, investigators, and witnesses (including any experts) only to the extent necessary to assist in the defense of this matter.

    2. Defense counsel shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

    3. Defense counsel shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel (who will also obtain a certification from such a third party receiving the materials). Counsel shall keep a copy of each certification to identify the individuals

who received the discovery materials and the date on which such information was first disclosed.[1]

4. At the conclusion of the litigation of this case, that is, after trial, sentencing, and appeal, if any, defense counsel shall return to the prosecutor assigned to the case at that time all the discovery materials and any copies generated.

The government solicited the position of defense counsel with respect to the proposed limitations on the dissemination and use of discovery. Defense counsel has indicated that he has no objection to a protective order generally, although defense counsel has not responded to the government's submission of the specific proposed limitations. Defense counsel is currently out of the country. However, the government requests that this Court grant this motion now, subject to possible revision if defense counsel later objects to any specific limitation. The granting of a protective order now will allow the government to timely comply with its duty to provide discovery.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of measures. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). To the contrary, the government only seeks to facilitate discovery (nearly open-file discovery at that), while protecting against the improper

---

[1] A proposed certification to be used is attached hereto as Attachment A.

disclosure or use of witnesses' identification information and sensitive materials detailing their cooperation. The proposed Protective Order would have no negative effect on the defendant's ability to prepare his defense. Rather, it is because the defendant stands to receive an extraordinarily broad magnitude of discovery far beyond what he is entitled to, that the proposed Protective Order is necessary.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures to the defendants, their counsel and those authorized individuals necessary to the defense and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:  *s/ Ricardo A. Del Toro*
       RICARDO A. DEL TORO
       Assistant United States Attorney
       Public Integrity, National Security,
       & Civil Rights Section
       Florida Bar No. 0957585
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9182
       Fax: (305) 536-4675
       "Ricardo.Del.Toro@usdoj.gov"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF on July 30, 2012.

                *s/ Ricardo A. Del Toro*
                RICARDO A. DEL TORO
                Assistant United States Attorney

# Attachment A

# **CERTIFICATION**

I, _____, acknowledge that I have read the Court's Protective Order
         (Name of Recipient)

in the case of *United States v. Raul Iglesias*, **12-20533-CR-ALTONAGA**.  I also have been

advised by _____, that I will be viewing materials that contains sensitive
         (Name of Counsel)

information.  I also have been advised that such information should be held in strict confidence,

should only be used in connection with the investigation and trial preparation of this case and that

further disclosure, dissemination, or use is prohibited without defense counsel's express consent.


_____                    _____
Signature                                          Date


-------------------------------------------------


I,_____, have provided _____ with a copy of the Court's
    (Name of Counsel)                    (Name of Recipient)

Protective  Order.  I also have advised _____    of his/her obligations under this
Order.
                              (Name of Recipient)


_____                    _____
Signature                                          Date

7