**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   <u>12-20533-CR-ALTONAGA</u>

**UNITED STATES OF AMERICA**

**v.**

**RAUL IGLESIAS,**

    **Defendant.**
_____/

<u>**UNITED STATES RESPONSE TO JAVIER ORTIZ'S MOTION**</u>
<u>**TO INTERVENE TO LIFT PROTECTIVE ORDER**</u>

The United States of America, through the undersigned Assistant United States Attorney, hereby files this Response in Opposition to Javier Ortiz's Motion to Intervene to Lift the Court's Protective Order.  Mr. Ortiz has no right or standing to intervene in the criminal case and his motion should be denied.

**I. Background**

On August 2, 2012, this Court issued a Protective Order [DE:16] in this case prohibiting the defendant, his counsel and the defense team from disseminating outside the defense team any of the discovery materials and the sensitive information contained therein.  The information provided to the defense in discovery included sensitive and confidential records and audio recordings of cooperating witnesses who eventually testified against the Defendant, their supervisor, in a police corruption and civil rights violation case.

The Protective Order issued by this Court stated in relevant part that: "defense counsel shall hold the discovery materials in strict confidence, disclosing this information to the client, office staff, investigators and witnesses (including any experts) only to the extent necessary to assist in the defense. . . It is further ordered that defense counsel shall advise any person to whom

the discovery materials are disclosed that, pursuant to the Protective Order, the information must be held in strict confidence and the recipient *may not further disclose or disseminate the information*." [DE:16]   [Emphasis added].   The Protective Order further requires defense counsel to obtain certifications from each person who has access to discovery materials, acknowledging that they will not disclose or disseminate the information.  *Id*.

In violation of the Protective Order, audio recordings of undercover telephone calls which the cooperating witnesses made and which were provided to the defense in discovery were posted on the internet on a website found at leoaffairs.com, which was commonly visited by local law enforcement officers.  According to the website, the recordings were posted on April 24, 2013, less than two days before the defendant was required to surrender to begin serving his sentence of incarceration.

Moreover, the protected recordings posted on the leoaffairs.com web page were followed by a number of comments from various unknown individuals using fictitious screen names.   Some of the comments included threatening or derogatory comments against the government's cooperating witnesses, apparently designed to intimidate and retaliate against them.   One of the cooperating witnesses whose voice and name are heard in the posted recordings testified against the defendant in trial.   Another trial witness who did not participate in the recordings was also the target of the intimidating comments posted on leoaffairs.com.

Defendant Raul Iglesias was prosecuted in case number 13-20934-CR-UNGARO again for retaliating against the law enforcement witnesses who testified against him and for violating this Court's protective order.

2

## II. Memorandum of Law

Mr. Ortiz fails to cite any authority for his motion to lift the protective order. To the contrary, he seeks to lift the protective order to fish for information within the sensitive discovery materials in this police corruption and civil rights violation case, speculating that something in it will be useful to Ortiz in defending against an "investigation"—it is unclear whether it is a criminal or internal affairs investigation. Mr. Ortiz has failed to show that he has any standing or right to rifle through the discovery materials in this case and his motion should be denied.

It is well settled that the Rules of Criminal Procedure provide the public no right to intervene in a criminal case to gain access to discovery materials. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (affirming district court's denial of New York's Civil Liberties Union motion to intervene in a criminal case to access case materials).

The court in *United States v. Carmichael*, 342 F. Supp. 2d 1070 (M.D. Ala. 2004), described the limited circumstances under which a non-party can intervene in a criminal case to defend against a constitutional violation.

> Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case. For example, courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights. *See, e.g., United States v. Hernandez,* 124 F.Supp.2d 698, 701 (S.D.Fla.2000); *United States v. Baez–Alcaino,* 718 F.Supp. 1503 (M.D.Fla.1989); *United States v. Torres,* 602 F. Supp. 1458, 1462 (N.D.Ill.1985). In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for the production of documents on the ground of privilege, *see, e.g., United States v. Bergonzi,* 216 F.R.D. 487 (N.D.Cal.2003); *In Re Grand Jury Investigation No. 83–30557,* 575 F.Supp. 777 (N.D.Ga.1983), or to protect other rights implicated by a particular proceeding. *See, e.g., Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972) (noting that district court allowed Senator's motion to intervene to quash grand jury subpoenas of witnesses whose testimony implicated his privilege under the Speech or Debate Clause of the Constitution).

*Id*. at 1072.

No such constitutional right is involved here.  Mr. Ortiz simply seeks to intervene in a criminal case to obtain sensitive discovery materials under a protective order, so that he can use them either in a private civil cause of action or in an administrative proceeding.  It is unclear exactly what he wants to do with the materials.

In an opinion written by former Chief Magistrate Judge Simonton in this district, the court held that a victim of civil rights violations had no public access right under the common law to intervene in criminal court proceedings and obtain documents that were under a protective order in the criminal case.  *United States v. Atesiano*, 2018 WL 5831092, *4 (S.D.F.L. 2018).  Distinguishing cases where the media seeks information to vindicate their First Amendment rights to freedom of the press and speech, the court found that even a civil rights violation victim's interest in using the criminal case's evidence in a civil suit is insufficient to lift the protective order in the criminal case.  *Id*. at 3-4.

Mr. Ortiz is not a victim of civil rights violations.   Nor is he a media outlet wielding a First Amendment right to freedom of the press.  He is an unrelated passerby who seeks to rummage through sensitive discovery materials shielded under a protective order issued to prevent against exactly the type of retaliation and intimidation of cooperating witnesses that previously occurred in this case.  Mr. Ortiz lacks even the insufficient interests in the litigation that the courts rejected in *Atesiano* and *Aref*.   He has failed to show any right or standing to intervene in this case and his motion should be denied.

### III. Conclusion

Based on the sensitive nature of this case and the record of intimidation and retaliation against cooperating witnesses resulting from the defendant's previous violation of this Court's protective order, along with Mr. Ortiz's lack of any right or authority to lift the protective order, the United States requests that the Court deny his motion to intervene.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  *s/ Ricardo A. Del Toro*
RICARDO A. DEL TORO
Assistant United States Attorney
Chief, Money Laundering Section
Florida Bar No. 0957585
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9182
"Ricardo.Del.Toro@usdoj.gov"

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed through CM-ECF on October 21, 2020.

*s/ Ricardo A. Del Toro*
RICARDO A. DEL TORO
Assistant United States Attorney